# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FITZGERALD GADLEY,<br><br>Petitioner,<br><br>v.<br><br>THERESA CISNEROS,[1]<br><br>Respondent. | Case No. 1:21-cv-00834-SAB-HC<br><br>ORDER DENYING AS MOOT PETITIONER'S REQUEST TO LODGE DOCUMENT, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 8, 14) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 7, 9, 10).

**I.**

**BACKGROUND**

On April 20, 2012, Petitioner was convicted by a jury in the Fresno County Superior Court of second-degree robbery. Petitioner admitted to prior convictions and other enhancement allegations. Petitioner was sentenced to a determinate imprisonment term of twenty-three years.

---

[1] Theresa Cisneros is the current Warden at the Substance Abuse Treatment Facility, where Petitioner is housed, and has been automatically substituted as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

(LDs[2] 1, 2). On July 2, 2013, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). Petitioner did not seek review in the California Supreme Court. (ECF No. 8 at 2).[3]

On March 9, 2016,[4] Petitioner constructively filed a petition for resentencing in the Fresno County Superior Court, which denied the petition on May 3, 2016. (LDs 3, 4). Petitioner filed a notice of appeal in the California Court of Appeal, which affirmed the order denying resentencing on August 25, 2017. (LDs 5, 6). On October 19, 2017, the California Supreme Court received Petitioner's untimely petition for review, and on December 29, 2017, the case was closed because Petitioner did not submit an application for relief from default. (LD 7).

On October 1, 2020, Petitioner filed a petition for writ of error coram vobis in the California Court of Appeal, Fifth Appellate District, which denied the petition on November 5, 2020. (LDs 8, 9). On November 16, 2020, the California Court of Appeal, Fifth Appellate District issued a letter informing Petitioner that his petition for rehearing was not filed, the court lacked jurisdiction to entertain the petition for rehearing, and his remedy was to file a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 1 at 12). On November 30, 2020, the California Supreme Court received Petitioner's untimely petition for review, and on December 8, 2020, the case was closed because Petitioner did not submit an application for relief from default. (LD 10). On January 7, 2021, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on April 28, 2021. (LDs 11, 12).

On May 18, 2021, Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On July 22, 2021, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 8). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 12, 13).

///

---

[2] "LD" refers to the documents lodged by Respondent on July 30, 2021. (ECF No. 11).
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.
[4] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 8 at 2 n.2).

## II.

## DISCUSSION

### A. Petitioner's Request to Lodge Document

On August 9, 2021, Petitioner requested that a copy of a letter, dated November 16, 2020, issued by the California Court of Appeal, Fifth Appellate District be included as part of the record in the instant habeas proceeding. (ECF No. 14). As the letter was attached to the petition, (ECF No. 1 at 12), and thus is already part of the record, the Court denies the request as moot.

### B. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

>pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. However, in the opposition, Petitioner states that he filed his petition for writ of error coram vobis based on People v. Gallardo, 4 Cal. 5th 120 (2017).[5] (ECF No. 12 at 1). Petitioner appears to argue that he is entitled to a later commencement of the limitation period based on Gallardo.

Section 2244(d)(1)(B) provides that the one-year limitation period begins to run from the date on which a state-created impediment, in violation of the Constitution or laws of the United States, is removed. 28 U.S.C. § 2244(d)(1)(B). The Ninth Circuit has held that a state court decision announcing a new interpretation or clarification of state law does not constitute removal of a state-created impediment under § 2244(d)(1)(B). Shannon v. Newland, 410 F.3d 1083, 1087–88 (9th Cir. 2005). Accordingly, § 2244(d)(1)(B) is inapplicable.

Section 2244(d)(1)(C) provides that the one-year limitation period begins to run from the date on which a "newly recognized" constitutional right, made retroactively applicable to cases on collateral review, was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). As Gallardo was decided by the California Supreme Court, and not the United States Supreme Court, § 2244(d)(1)(C) is inapplicable. To the extent that Gallardo relied on Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016), § 2244(d)(1)(C) is still inapplicable because Descamps and Mathis did not involve newly recognized constitutional rights. See Arazola-Galea v. United States, 876 F.3d 1257, 1259 (9th Cir. 2017) ("Mathis does not establish a new rule of constitutional law[.]"); Ezell v. United States, 778 F.3d 762, 766 (9th Cir. 2015) ("[E]ven if the Supreme Court did announce a new rule in Descamps, that rule is not constitutional.").

---

[5] In Gallardo, the California Supreme Court reconsidered the approach approved in People v. McGee, 38 Cal. 4th 682 (2006), which "held that the Sixth Amendment permits courts to review the record of a defendant's prior conviction to determine whether the crime qualifies as a serious felony for purposes of the sentencing laws," in light of the United States Supreme Court's decisions in Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016). Gallardo, 4 Cal. 5th at 124.

1    Section 2244(d)(1)(D) provides that the one-year limitation period begins to run from
2 "the date on which the factual predicate of the claim or claims presented could have been
3 discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "The 'due
4 diligence' clock starts ticking when a person knows or through diligence could discover the vital
5 *facts*, regardless of when their *legal significance* is actually discovered." Ford v. Gonzalez, 683
6 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added) (citing Hasan v. Galaza, 254 F.3d 1150, 1154
7 n.3 (9th Cir. 2001); Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003)). The Ninth Circuit
8 has held that a state court decision announcing a new interpretation or clarification of law does
9 not constitutes a "factual predicate" under § 2244(d)(1)(D). Shannon, 410 F.3d at 1089.
10 Accordingly, § 2244(d)(1)(D) is inapplicable.

11    Based on the foregoing, § 2244(d)(1)(A) is applicable in the instant case, and the
12 limitation period began running on the date that Petitioner's direct review became final. Here, as
13 Petitioner did not appeal to the California Supreme Court, his judgment became final when his
14 time for seeking review with the state's highest court expired. See Gonzalez v. Thaler, 565 U.S.
15 134, 150 (2012). The time to seek review with the California Supreme Court expired on August
16 12, 2013, forty days after the Court of Appeal's decision was filed.[6] See Cal. R. Ct. 8.366(b)(1)
17 ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct.
18 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal
19 decision is final in that court."). The one-year limitation period commenced running the
20 following day, August 13, 2013, and absent tolling, was set to expire on August 12, 2014. See
21 Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

22    **C. Statutory Tolling**

23    The "time during which a properly filed application for State post-conviction or other
24 collateral review with respect to the pertinent judgment or claim is pending shall not be counted
25 toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In the instant case, the limitation

---

[6] Forty days after the filing of the California Court of Appeal's decision was August 11, 2013, which fell on a Sunday. Accordingly, the time for seeking review was extended to the next business day. See Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

5

period expired before Petitioner filed any of his post-conviction collateral challenges, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Petitioner argues that "[w]ithout [Respondent]'s omission of the above stated fact [the appellate court's erroneous denial of the petition for rehearing], there [is] no basis for the[] motion to dismiss." (ECF No. 12 at 2). Respondent's failure to reference the petition for rehearing in the motion to dismiss and the allegedly erroneous denial of the petition for rehearing have no bearing on the timeliness of Petitioner's claims given that the petition for rehearing was filed after the limitation period had already expired. Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**D. Equitable Tolling**

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, Petitioner has not made any showing that he is entitled to equitable tolling. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

**E. Certificate of Appealability**

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

### III.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to lodge document (ECF No. 14) is DENIED as MOOT;

2. Respondent's motion to dismiss (ECF No. 8) is GRANTED;

3. The petition for writ of habeas corpus is DISMISSED as untimely;

4. The Clerk of Court is DIRECTED to SUBSTITUTE Theresa Cisneros as Respondent in this matter and to CLOSE the case; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **September 2, 2021**

UNITED STATES MAGISTRATE JUDGE