# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FITZGERALD GADLEY,<br><br>Petitioner,<br><br>v.<br><br>THERESA CISNEROS,<br><br>Respondent. | Case No. 1:21-cv-00834-SAB-HC<br><br>ORDER DENYING PETITIONER'S RULE 59(e) MOTION<br><br>(ECF No. 18) |

Petitioner is a state prisoner who proceeded pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 7, 9, 10).

**I.**

**BACKGROUND**

On April 20, 2012, Petitioner was convicted by a jury in the Fresno County Superior Court of second-degree robbery. Petitioner admitted to prior convictions and other enhancement allegations. Petitioner was sentenced to a determinate imprisonment term of twenty-three years. (LDs[1] 1, 2). On July 2, 2013, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). Petitioner did not seek review in the California Supreme Court. (ECF No. 8 at 2).[2]

---

[1] "LD" refers to the documents lodged by Respondent on July 30, 2021. (ECF No. 11).
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On March 9, 2016,³ Petitioner constructively filed a petition for resentencing in the Fresno County Superior Court, which denied the petition on May 3, 2016. (LDs 3, 4). Petitioner filed a notice of appeal in the California Court of Appeal, which affirmed the order denying resentencing on August 25, 2017. (LDs 5, 6). On October 19, 2017, the California Supreme Court received Petitioner's untimely petition for review, and on December 29, 2017, the case was closed because Petitioner did not submit an application for relief from default. (LD 7).

On October 1, 2020, Petitioner filed a petition for writ of error coram vobis in the California Court of Appeal, Fifth Appellate District, which denied the petition on November 5, 2020. (LDs 8, 9). On November 16, 2020, the California Court of Appeal, Fifth Appellate District issued a letter informing Petitioner that his petition for rehearing was not filed, the court lacked jurisdiction to entertain the petition for rehearing, and his remedy was to file a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 1 at 12). On November 30, 2020, the California Supreme Court received Petitioner's untimely petition for review, and on December 8, 2020, the case was closed because Petitioner did not submit an application for relief from default. (LD 10). On January 7, 2021, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on April 28, 2021. (LDs 11, 12).

On May 18, 2021, Petitioner constructively filed a federal petition for writ of habeas corpus, asserting that: (1) the trial court imposed an illegal enhancement in using priors that were obtained in violation of the Sixth Amendment; and (2) the trial court imposed an unlawful order to pay restitution because it failed to hold a financial fitness hearing, in violation of due process. (ECF No. 1). On July 22, 2021, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 8). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 12, 13). On September 2, 2021, the Court dismissed the petition for writ of habeas corpus as untimely, judgment was entered, and this case was closed. (ECF Nos. 16, 17).

---

³ Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)).

On October 3, 2021, Petitioner constructively filed the instant motion purportedly pursuant to Rule 59(e). (ECF No. 18). No opposition to the motion has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A.  Rule 60

The Court "construe[s] [Petitioner]'s motion as filed under Federal Rule of Civil Procedure 60(b) because it was not filed within the 28-day deadline imposed by Federal Rule of Civil Procedure 59(e)." Moore v. Mortg. Elec. Registration Sys., Inc., 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (citing Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule and as a motion under Federal Rule of Civil Procedure 60(b) otherwise)).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner asserts that the "grounds for this motion are based on the court's man[i]fest error in reviewing the state court's refusal to accept petitioner's petition for rehearing." (ECF No. 18 at 1). Petitioner argues that a "court clerk's mistake [of refusing to accept and file the petition

for rehearing] can not now be used to stop the restarting of the AEDPA's one year statute of limitation on the filing of the valid petition for review in the highest state court." (ECF No. 18 at 2).

Although "errors of law may be corrected under Rule 60(b) motions," Liberty Mutual Ins. Co. v. Equal Employment Opportunity Comm'n, 691 F.2d 438, 441 n.5 (9th Cir. 1982), the Court finds that Petitioner is not entitled to relief under Rule 60(b).[4] The argument in Petitioner's motion was previously raised in the opposition to the motion to dismiss, which the Court reviewed and considered when it ruled on the motion to dismiss. As previously noted in the order dismissing the petition, the fact that the California Court of Appeal erroneously rejected Petitioner's petition for rehearing has no bearing on the timeliness of Petitioner's claims because the petition for rehearing was submitted after the limitation period had already expired. In fact, the limitation period expired before Petitioner filed *any* of his post-conviction collateral challenges, and "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Even if the petition for rehearing was accepted and filed by the California Court of Appeal and the petition for review in the California Supreme Court subsequently was deemed timely filed, AEDPA's one-year limitation period would not "restar[t] . . . on the filing of the valid petition for review in the highest state court," (ECF No. 18 at 2), as argued by Petitioner.

To the extent that Petitioner may be arguing that he is entitled to a later trigger date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D)[5] based on either the California Court of Appeal's denial of Petitioner's petition for writ of error coram vobis on November 5, 2020 or the California Supreme Court's denial of Petitioner's state habeas petition on April 28, 2021, the Court does not find this argument persuasive. The factual predicates of the claims presented in

---

[4] It is unclear whether Rule 60(b)(1) (mistake) or Rule 60(b)(6) (any other reason that justifies relief) is applicable in this instance. See In re Int'l Fibercom, Inc., 503 F.3d 933, 940 n.7 (9th Cir. 2007) (distinguishing Liberty Mutual, which involved a "mistake under the law of the case doctrine" that was cognizable under Rule 60(b)(1), from a statutory violation that "also involves procedural violations that affected the outcome of the proceeding and gave rise to the legal error" that was cognizable under Rule 60(b)(6)). Regardless, Petitioner is not entitled to relief under either Rule 60(b)(1) or (b)(6).

[5] Section 2244(d)(1)(D) provides that the one-year limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

the federal habeas petition are not any alleged errors by the state courts in denying Petitioner's petitions for writs of error coram vobis and habeas corpus but rather alleged errors by the trial court at sentencing in 2012.

Based on the foregoing, the Court finds that Petitioner is not entitled to relief under Rule 60(b) and the motion (ECF No. 18) is denied.

## B.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. In United States v. Winkles, 795 F.3d 1134 (9th Cir. 2015), the Ninth Circuit held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." 795 F.3d at 1142. If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." Winkles, 795 F.3d at 1143. "Given that section 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical," id. at 1141 (citations omitted), the Court applies the standard set forth in Winkles to determine whether a certificate of appealability should issue regarding the denial of Petitioner's Rule 60(b) motion for relief from judgment arising out of the denial of his § 2254 petition. See Payton v. Davis, 906 F.3d 812, 818 n.8 (9th Cir. 2018) (recognizing that the analysis in Winkles applies to a motion for relief from judgment arising from the denial of a § 2254 petition).

Here, the Court finds that jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 60(b) motion for relief from judgment. As both prongs of the standard must be satisfied and Petitioner has failed to meet one of them, Petitioner is not entitled to a certificate of appealability under Winkles.

///

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion (ECF No. 18) is DENIED; and
2. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **November 10, 2021**

UNITED STATES MAGISTRATE JUDGE